DUNCAN, J.
*981 **698 Defendant appealed the trial court's imposition of three consecutive probation revocation sanctions, the Court of Appeals affirmed, and this court allowed defendant's petition for review. On review, defendant argues that, under a provision of the sentencing guidelines, OAR 213-012-0040(2)(b), a trial court must find a separate probation violation for each consecutive probation revocation sanction it imposes.[1] Thus, according to defendant, in order for the trial court to impose three consecutive sanctions as it did, it had to find three separate violations.
We need not, and do not, address defendant's argument regarding OAR 213-012-0040(2)(b), because the trial court found 10 separate violations. Specifically, the trial court found one violation of a condition that defendant not use illegal drugs and nine violations of a condition that defendant not contact the victim of his crimes. On review, defendant argues that the trial court erred in finding nine violations of the no-contact condition. According to defendant, the state alleged only a single violation of the no-contact condition and, therefore, failed to provide sufficient notice to support a finding of more than one violation of that condition. For the reasons explained below, we reject defendant's argument that the state's notice was insufficient to support the trial court's findings of multiple violations of the no-contact provision. Therefore, we conclude that, even under defendant's interpretation of OAR 213-012-0040 (2)(b), the trial court could find enough separate violations to support the consecutive sanctions it imposed. Accordingly, we affirm.
We begin with the historical and procedural facts. This appeal involves two criminal cases, which have been consolidated for review. In the first case, defendant was charged with multiple crimes against the victim, TM, with whom he had been in a relationship. Pursuant to a plea agreement, defendant pleaded guilty to one count of felony fourth-degree assault and one count of attempted second-degree **699 assault, each constituting domestic violence. The trial court imposed a presumptive 30-month prison term on the felony fourth-degree assault count. The presumptive sentence on the attempted second-degree assault count was 31 to 36 months' imprisonment but, based on a stipulation by the parties, the trial court imposed a downward departure sentence of 60 months' probation.
In the second case, defendant was again charged with multiple crimes involving TM. Defendant pleaded guilty to two counts of tampering with a witness. The presumptive sentence for each of those counts was also 31 to 36 months' imprisonment, but the trial court imposed stipulated downward departure sentences of 60 months' probation on each count.
Shortly after defendant finished serving his prison term on the felony fourth-degree assault, the trial court issued a notice in each of the two cases for defendant to appear for a probation violation hearing. The notices appointed an attorney to represent defendant and directed defendant to contact that attorney. The notices did not specifically allege what conditions of probation defendant had *982 violated. Instead, they stated that "a copy of the allegations and discovery will be provided to you through your attorney." As described more fully below, before the probation violation hearing, defendant received a copy of a probation violation report alleging that he had violated certain conditions of his probation.
At the probation violation hearing, the trial court began by recounting the crimes for which defendant was on probation, specifically, attempted second-degree assault in the first case and two counts of tampering with a witness in the second case. The trial court then described the probation violation allegations against defendant:
"The probation violation report from [defendant's probation officer] *** alleges that [defendant] violated his probation for several different-in several different respects.
"First of all, in having contact with [TM], the victim in these cases, in violation of the conditions of probation. Secondly, in failing to abide by the [probation officer's]
**700 directions with respect to being within 1,000 feet of [TM's] home, school, work. And lastly, that he used illegal drugs in violation of the conditions of probation.
"So those are the allegations and the history."
As described on the record by the trial court, the probation violation report stated that defendant had violated the condition that he not have contact with TM by sending her letters from prison. The trial court asked defense counsel whether defendant wanted to admit any of the violations. Defense counsel told the trial court that defendant would stipulate that "he did write the letters and send the letters that are before us." The trial court addressed defendant directly, stating that "the violation report alleges seven letters from prison between November 20, 2014 and February 1, 2015," and asking defendant whether he was admitting that he wrote those letters. Defendant confirmed that he was.
Defense counsel also told the trial court that defendant was admitting that he had used methamphetamine. The trial court asked defendant directly whether he was admitting the alleged drug use, and defendant said that he was.
Defendant disputed the allegation that he had failed to abide by his probation officer's direction to not come within 1000 feet of TM's work place. The parties litigated that allegation, and the trial court ultimately concluded that the state had failed to establish a probation violation with respect to that allegation.
TM testified that defendant had sent her nine letters (not just seven) from prison. The state introduced the letters and their envelopes, and they were received into evidence without objection as State's Exhibit 5. Each envelope contained a different postmark date. The letters expressed defendant's hatred of TM and contained implicit and explicit threats that defendant would harm TM and her family.
After the presentation of the evidence, the trial court again asked defense counsel whether defendant was stipulating that "he sent letters to [TM] from prison *** multiple letters from prison and that he used methamphetamine **701 after his release from prison." Defense counsel confirmed that defendant was stipulating to those factual allegations. The trial court then stated, "I find, as a matter of fact, based on the stipulations of the defendant, that he wrote multiple letters to [TM] while he was in prison and that he used methamphetamine."
The trial court turned to the parties' legal arguments. Defense counsel argued that defendant could not be sanctioned for sending TM the letters because he had already received a prison sanction for doing so. The trial court rejected that argument on the grounds that defendant had not presented any evidence that he had received a prison sanction and that, even if he had, imposition of a prison sanction would not preclude imposition of probation sanctions. The trial court then found that defendant had violated his probations "for sending the nine letters *** to the victim that constitute State's Exhibit 5" and "for use of illegal substances, the methamphetamine."
The trial court and the parties then turned to the issue of the appropriate disposition.
*983 Based on defendant's threats to TM and her family and his violent criminal history, the prosecutor asked the trial court to revoke defendant's probation on all three counts, impose a 36-month revocation sanction on each one, and order defendant to serve the sanctions consecutively. Defense counsel objected to the imposition of three consecutive sanctions:
"[DEFENSE COUNSEL]: Yeah, very quickly, as far as three consecutive sentences, I don't think the court has authority since there's only two violations here. The most the court can impose is two-
"THE COURT: Well-
"[DEFENSE COUNSEL]: -consecutive-
"THE COURT: -I found nine violations of the court's order that he not have contact with the victim. Exhibit 5 are nine separate letters that constitute contact or attempted contact.
"[DEFENSE COUNSEL]: Okay.
"THE COURT: So, as a matter of fact, I find nine separate violations of that."
**702 TM and defendant then made statements to the trial court. Defendant told the trial court that he wrote the letters because of mental health problems, for which he had not been able to get help while in prison.
The trial court then summarized its findings and decision to revoke defendant's probation:
"THE COURT: So, first of all, with respect to the authority of the court to impose multiple violation sanctions, I find that Exhibit 5 constitutes nine separate violations of his probation in all three of these counts in these two case numbers.
"I also find that the defendant-I've previously noted on the record the defendant used methamphetamine in violation of the law.
"The combination of those violations that I have found justify revocation of his probation on all three counts. Separately even if the-if there had been no violation found with respect to the methamphetamine use, the contact with the victim as evidenced by Exhibit 5 nine times, that alone without regard to the methamphetamine violation constitutes grounds for revocation of all three counts."
The trial court imposed a 36-month revocation sanction on each probation count and ordered defendant to serve them consecutively. After the trial court announced the sanctions, defense counsel stated, "I would also put on the record my argument that the nine letters were alleged as a single violation and I would assert that they are one continuing course of conduct given my client's mental state."
Defendant appealed, arguing that OAR 213-012-0040(2)(b) requires a separate probation violation for each consecutive probation sanction and that the trial court could not treat the individual letters as separate violations because the state failed to allege them as separate violations. The Court of Appeals affirmed, without a written opinion. State v. Sparks , 289 Or. App. 642, 412 P.3d 1218 (2017). Defendant then petitioned this court for review, asserting, among other things, that his appeal presented the same issue as State v. McFerrin , 289 Or. App. 96, 408 P.3d 263 (2017), rev. allowed , 362 Or. 794, 416 P.3d 1096 (2018), in which the Court of Appeals had held that a defendant whose probation was revoked based on two **703 probation violations could receive more than two consecutive sanctions. This court allowed review.
On review, defendant renews the arguments he made in the Court of Appeals, contending first that, under OAR 213-012-0040(2)(b), each consecutive probation revocation sanction that a trial court imposes must be based on a separate probation violation. Defendant argues that the text, context, and legislative history of OAR 213-012-0040(2)(b) all support his interpretation of the rule. The state makes several counterarguments in response. However, we need not resolve the parties' dispute about the meaning of the rule if the trial court properly found the number of violations that defendant contends it needed to find. As we will explain, it did.
As recounted above, the state alleged that defendant violated three conditions of probation and the trial court found that he violated two of those conditions: the condition prohibiting *984 him from contacting TM and the condition prohibiting him from using illegal drugs. The trial court further found that defendant violated the no-contact condition nine times. Thus, the trial court found that defendant committed 10 separate probation violations, which-even under defendant's interpretation of OAR 213-012-0040 (2)(b) -is sufficient to support the three consecutive sanctions that the trial court imposed.
Defendant argues that the trial court lacked authority to find multiple violations of the no-contact provision because the state alleged only one violation of that condition. Defendant bases his argument on the Due Process Clause of the Fourteenth Amendment to the United States Constitution. He asserts that, "[b]ecause due process requires that a defendant receive complete and timely notice of alleged probation violations before a probation violation hearing, a trial court may not find violations that the state has not alleged in a properly served show-cause document."[2] He further asserts that, in this case, the state **704 "provided notice that it was alleging only three probation violations," and the trial court found that the state had failed to prove one of them, leaving only two. Therefore, according to defendant, "the law permitted [the trial court] to consecutively impose no more than two revocation sanctions."[3]
The premise of defendant's argument is that he did not have notice that the state was alleging multiple violations of the no-contact condition. But, as explained below, that position is not supported by the record. Therefore, even assuming the Due Process Clause requires the notice that defendant contends it does, defendant has failed to establish that he did not receive that notice.
As recounted above, the trial court issued defendant notices to appear, and the notices informed defendant that an attorney had been appointed to represent him and that "a copy of the allegations and discovery" would be provided to him through his attorney. Then, at the probation violation hearing, the trial court reviewed the allegations in the probation violation report. As defendant's appellate counsel acknowledged at oral argument before this court, defendant had received a copy of the report before the hearing. And, as the trial court stated during the hearing, the report "alleges seven letters from prison between November 20, 2014 and February 1, 2015." Thus, the record shows that defendant had received written notice before the hearing that the state was alleging that he had sent seven letters to TM from prison.
**705 Defendant does not dispute that he had written notice that the state was alleging that he had sent seven letters to TM from prison. In fact, defendant has attached a copy of the probation violation report to his brief on the merits in this court, and the report states that defendant had "repeatedly" contacted TM. It also states that TM had provided defendant's probation officer with "seven different letters that she received from [defendant] while he was in custody" and that the letters had been "submitted to the District Attorney for discovery."
*985 As we understand it, defendant's argument is that, even though he had notice that the state was alleging that he had sent seven letters to TM, he did not have notice that the state was alleging that the act of sending each letter constituted a separate probation violation. Defendant appears to base his argument, in part, on the formatting of the probation violation report. The report has a section entitled "Violations/ Substantiations" and, within that section, there are three numbered subsections, one for each of the probation conditions defendant was alleged to have violated. The subsections are entitled "1.) Violation of Special Condition: No Contact with Victim, [TM]"; "2.) Violation of General Condition #3: Abide by the Direction of the Supervising Officer"; and "3.) Violation of General Condition #2: No Use or Possession of Controlled Substances." Each subsection contains allegations of specific acts by defendant. The first subsection, which concerns the no-contact condition, includes the allegations regarding the letters. It appears that defendant is arguing that, because those allegations are included in a single subsection, the state was alleging them as a single violation. That argument is unavailing. As defendant concedes, if a probationer commits two separate acts that violate the same probation condition, those separate acts can constitute separate violations. Thus, the fact that the acts of sending the letters violated the same condition does not mean that the state could not, or did not, allege that the acts were separate violations. And here, although the allegations concerning the no-contact provision are in the same subsection, they are specific enough to put defendant on notice that the state was alleging separate violations, because they alleged that defendant had "repeatedly"
**706 contacted TM and had sent "seven different letters" over the course of several months.
Defendant also appears to base his argument on statements by the prosecutor. In his brief on the merits in this court, defendant asserts that "at the beginning of the probation violation hearing, the parties agreed before the court that the state was proceeding on the three alleged probation violations." The transcript of the hearing does not support that assertion. As quoted above, at the outset of the hearing the trial court described the allegations in the probation violation report, specifically that defendant had violated three conditions of probation. 364 Or. at 699-700, 439 P.3d at 981-82. Neither the prosecutor nor the trial court indicated that the state was alleging only three violations . To the contrary, the trial court told defendant that the probation violation report alleged that he sent seven letters to TM from prison.
In sum, we reject defendant's argument that the state only alleged one violation of the no-contact condition. Therefore, even under defendant's interpretation of OAR 213-012-0040(2)(b), the trial court could impose the three consecutive probation sanctions that it did. Consequently, we affirm.
The decision of the Court of Appeals and the judgments of the trial court are affirmed.

OAR 213-012-0040(2)(b) provides, "If more than one term of probationary supervision is revoked for separate supervision violations, the sentencing judge may impose the incarceration sanctions concurrently or consecutively."

In arguing that the Due Process Clause requires advance written notice of probation violation allegations, defendant cites ORS 137.557(2)(c) and OAR 291-058-0040. ORS 137.557(2)(c) governs probation violation citations issued under ORS 137.553 and requires that the citations contain a "brief description of the asserted probation violation." OAR 291-058-0040 governs Department of Corrections notices to probationers and states that the notices "shall be provided to the offender at the time of or after the offender is presented with a copy of the Violation Report/Sanction Reporting form describing the alleged violations behavior." It is not clear whether defendant is arguing that the state violated ORS 137.557(2)(c) and OAR 291-058-0040. If he is, he failed to preserve those arguments. He did not assert a violation of either ORS 137.557(2)(c) or OAR 291-058-0040 in the trial court. And, the record contains no information about whether he received a citation under ORS 137.553 or a Department of Corrections notice under OAR 291-058-0040 or, if he did, what those citations contained.

Because, even under defendant's interpretation of OAR 213-012-0040 (2)(b), the trial court needed to find only three separate violations-and it could do so if it found one violation for methamphetamine use and two or more violations for the letters-defendant does not argue that he had notice of only the seven letters mentioned in the probation report, not the additional two introduced at the hearing.